### UNITED STATES v. RATIGAN.
### No. 43284.

District Court, W. D. Washington, N. D.
July 9, 1934.

J. Charles Dennis, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash.

Dore, Beeler & Haven, of Seattle, Wash., for defendant.

BOWEN, District Judge.

This case is now before the court on the defendant's demurrer to the seven counts of the indictment. The facts stated in all of said counts are alike except as to the dates of the commission of the several offenses charged. For the purpose of determining the demurrer, the facts stated are taken as true.

From the facts stated in the indictment, the court is compelled to conclude that the

relationship between the defendant and the recipient of the morphine was essentially that of seller and buyer rather than physician and patient, that the recipient of the morphine procured and intended to procure that narcotic rather than the services of a physician, and that, although the defendant was a physician, he, not in the course of his professional practice nor in good faith nor for legitimate medical purposes, dispensed the morphine rather than legitimate professional services to the recipient. The indictment negatives the fact that the recipient may have been a patient of the defendant in the ordinary course of his medical practice. In other words, it was morphine that the recipient wanted and that the defendant was willing to dispense, rather than medical or professional attendance. Even though the morphine was in liquid form and its possession was changed from the defendant to the recipient by means of the hypodermic, it was none the less morphine that the defendant was delivering and the recipient was receiving, rather than essentially professional services. This transaction comprised essentials of a "sale" of the morphine.

The other points raised by the defendant on the demurrer have been considered, but are not deemed well taken.

The demurrer to the indictment is overruled as to all counts. Exceptions allowed the defendant.